IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN HOOPES and HARLEY HOOPES,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>    Defendant. | Case No. 4:11-mc-07055-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiffs' Motions to Quash Subpoena (Docket No. 1, 2, 3, and 4) by the U.S. Commodity Futures Trading Commission. The Court has determined that oral argument will not significantly assist the decisional process; therefore the matter will be resolved without a hearing. The motion is fully briefed and at issue. For the following reasons, the Court will deny the Motions.

## BACKGROUND

On March 16, 2011, Defendant U.S. Commodity Futures Trading Commission (CFTC) issued subpoenas to East Idaho Credit Union and Zions National Bank seeking documents and information regarding accounts in the names of Plaintiffs Justin and Harley Hoopes in accordance with the Right to Financial Privacy Act of 1978 , 12 U.S.C.

**MEMORANDUM DECISION & ORDER - 1**

§§ 3401-22 (1994). CFTC sought these documents pursuant to an internal order of investigation on January 11, 2011, captioned, "In the Matter of Certain Persons Engaged in Fraud with Respect to Pooled Investments and/or Managed Accounts." *See Def"s Resp*., Exibit 1 at 1, Dkt. 5-1. CFTC issued these subpoenas in connection with a legitimate law enforcement inquiry in order to determine the source of approximately 1.9 million dollars deposited into two futures trading accounts carried at Dorman Trading (Dorman), a brokerage house in Chicago, in the Plaintiffs' names. *Def"s Resp.*, Exhibit 2, Dkt. 5-2. CFTC has obtained evidence that Justin Hoopes may have drafted a letter misstating the balance in his Dorman futures accounts, and forged the signature of the broker handling these accounts in order to obtain a loan from a third party. *Def"s Resp.*, Exhibit 4, Dkt. 5-4.

On March 25, 2001, Plaintiffs Justin and Harley Hoopes each filed motions to quash CFTC's subpoenas to East Idaho Credit Union and Zions Bank on the basis that "they need more time to retain counsel." *H. Hoopes Sworn Stat.*, Dkt. No. 1 at 2; *H. Hoopes Sworn Stat.*, Dkt. No. 2 at 2; *J. Hoopes Sworn Stat.*, Dkt. No. 3 at 3; *J. Hoopes Sworn Stat.,* Dkt. No. 4 at 2.

## ANALYSIS

Under the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §§ 3401-22 (1994), a customer may file a motion to quash a judicial subpoena. There are two grounds on which a customer may base a challenge to release of his financial records: (1) that the government has not met the RFPA requirements; (2) that the financial records

sought are not relevant to a legitimate law enforcement inquiry. 12 U.S.C. §§ 3410(a)(1)-(2), (c). RFPA requires that all customer motions to quash contain an affidavit or sworn statement stating, "the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. § 3410(a)(2).

In Plaintiffs' Motions to Quash Subpoenas to East Idaho Credit Union and Zions Bank, Plaintiffs do not claim that the financial records sought by CFTC are not relevant to a legitimate law enforcement inquiry, nor that CFTC has failed to substantially comply with the requirements of the RFPA. Rather, Plaintiffs filed their motions to quash on the basis that "they need more time to retain counsel." *H. Hoopes Sworn Stat.*, Dkt. No. 1 at 2; *H. Hoopes Sworn Stat.*, Dkt. No. 2 at 2; *J. Hoopes Sworn Stat.*, Dkt. No. 3 at 3; *J. Hoopes Sworn Stat.,* Dkt. No. 4 at 2. Consequently, Plaintiffs have not complied with the RFPA's requirement for customer challenges. The Court finds that Plaintiffshave failed to comply with the RFPA's requirements for customer challenges, and that the motions to quash should be denied. *E.g.*, *Donovan v. U.A. Local 38 Plumbers and Pipe Trades Pension Funds*, 569 F. Supp. 1488, 1490 (N.D.Cal. 1983).

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motions (Docket No. 1, 2, 3, and 4) to Quash Subpoena are **DENIED**.



DATED: **May 15, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge